**John E. HENSLEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37773.**

Court of Criminal Appeals of Texas.

March 3, 1965.

Rehearing Denied April 14, 1965.

Dougal C. Pope, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Ray Montgomery, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction under Art. 535d, Vernon's Ann.P.C. is for fondling a child; the punishment, fifteen years.

The testimony of the state reveals that the appellant had married the mother of the prosecutrix about four years before the trial of this case.

The prosecutrix testified that she was eleven years of age on the day of the trial; that on the night of October 10, while asleep in bed with her sister, she was awakened by the appellant when he put his hand on her private parts; that she immediately went to get her mother and the appellant went into another room; that when her

mother went into the other room the appellant appeared to be asleep and she returned and got in bed with her and her sister. She further testified that he had rubbed her private parts on previous occasions, that he had previously exposed his private parts to her, and also had put his private parts into her private parts; and that she did what he said because if she refused he said he would whip her; that it hurt her the first time he did it; and that he had her to put her hands on his privates.

A physician testified that her examination of the prosecutrix, on October 14, showed that her vaginal canal was greatly dilated and the hymenal ring broken, and that she had a marital type introitus which was consistent with sexual intercourse.

As a witness in his own behalf, the appellant denied the charge of fondling, and also denied any improper relations or any acts of intercourse with the prosecutrix. He testified that the prosecutrix and her sister were not at home on the night of October 10 or for the next three or four days; and that he knew of no reason for the prosecutrix to testify against him unless someone "put her up to it." Several witnesses called by the appellant testified that his general reputation was good. Testimony was introduced that the prosecutrix had a bad reputation for truth and veracity.

■ It is urged that the evidence is insufficient to sustain the conviction in that the indictment alleges that appellant placed his hands and the fingers of his hands on the private parts of the prosecutrix, whereas the evidence shows that he placed only one hand on her private parts.

Art. 21, P.C., provides that: "The use of the singular number includes the plural and the plural the singular."

1 Branch 2d 25, Sec. 27, reads:

"The singular includes the plural and the plural includes the singular when used in the statute, and there is no good reason why this rule should not apply as well to the construction of the language used in an indictment or information. Show [Snow] v. State, 6 [Tex.] App. 284; Funderburk v. State [Tex.Cr.App.], 61 S.W. 393."

The testimony showing the offense of fondling by the use of a hand sufficiently supports the allegation that such offense was committed by the use of the hands.

■ It is contended that the evidence is insufficient to sustain the conviction on the ground that the prosecutrix was an accomplice witness and her testimony was not corroborated.

The evidence fails to show any willful participation in any unlawful act on the part of the prosecutrix. Appellant denied, in toto, any immoral, or sexual act with the prosecutrix. The contention presents no error. Botello v. State, 275 S.W.2d 814.

■ The appellant insists that the trial court erred in admitting in evidence other acts of fondling, and the testimony of the prosecutrix that he exposed his private parts to her and caused her to place her hands on his private parts and that he had had acts of intercourse with her, on the ground that such acts were prejudicial and prevented him from getting a fair trial. These acts of the appellant became material and were admissible to show his unnatural attitude toward the prosecutrix, his disposition and intent as to the particular act charged, and the probability that the act charged occurred as testified by the prosecutrix. Ball v. State, 289 S.W.2d 926; Happner v. State, 325 S.W.2d 390.

The contentions relating to jury argument have been carefully considered and they do not show reversible error.

The evidence is sufficient to support the conviction, and, no error appearing, the judgment is affirmed.

Opinion approved by the Court.