**George Earnest THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39241.**

Court of Criminal Appeals of Texas.

March 2, 1966.

Ronald Waldie, Dallas, Counsel by Appointment, Ralph L. McDowell, Dallas,

Counsel by Appointment, Emmett Colvin, Jr., Dallas, Appeal Counsel by Appointment, for appellant.

Henry Wade, Dist. Atty., Charles L. Caperton, John H. Stauffer and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is under Art. 535d, Vernon's Ann.P.C., for fondling; the punishment, twenty years.

The prosecutrix, seven years of age, testified that on the day in question she lived with her mother and stepfather, the appellant; that in the early morning appellant came into the room where she was sleeping with her younger sister and took her into another room, where he put a towel under her and took off her panties; that appellant then proceeded to put some vaseline on her privates with his hands; that appellant tickled her, and hit her when she began to cry; that she went into the next room and told her mother that appellant had called her a crybaby. The prosecutrix further related that appellant had committed similar acts upon her before but that she had not reported them to her mother because he had threatened to whip her if she did.

It was further shown by the state's testimony that later in the day after the prosecutrix had returned home from school she reported appellant's act to her mother and was taken to the office of Dr. Robert Machen for an examination. Dr. Machen testified that he examined the prosecutrix to determine if she had been raped and he found no evidence of penetration, but the examination did reveal evidence of manipulation and redness of the private parts. The prosecutrix later in the evening reported appellant's acts to her stepmother, who took her to Parkland Hospital, where she was examined by Dr. Hal J. Dewlett. Dr. Dewlett testified that his examination of the prosecutrix revealed a very diffused redness of the area of the vulva.

Testifying as a witness in his own behalf, appellant denied that he placed his hands on the prosecutrix's private parts on the day in question or that he had ever molested her in any way. He stated that he came home late that night, went to bed, and when he woke up the prosecutrix was in bed with him. He related that he told her he was not feeling well, for her to go back to her bed, and then slapped her on the buttocks and told her to go to her room.

We overrule appellant's contention that the evidence is insufficient to sustain the conviction.

■ The testimony of the prosecutrix that appellant placed vaseline on her privates with his hands is sufficient to sustain the allegation in the indictment that he placed his hand against her "sexual part, to wit; the vulva * * *." Ball v. State, 163 Tex.Cr.R. 214, 289 S.W.2d 926. The evidence as a whole is sufficient to sustain the conviction.

■ In permitting the prosecutrix to testify that on prior occasions appellant had committed other acts of fondling upon her, the court did not err. The proof of such prior acts was admissible to show appellant's unnatural attitude toward the prosecutrix, his disposition and intent as to the particular act charged, and the probability that the act charged occurred as testified to by the prosecutrix. Lozano v. State, 159 Tex.Cr.R. 613, 266 S.W.2d 147; Hensley v. State, Tex.Cr.App., 388 S.W.2d 424.

The judgment is affirmed.

Opinion approved by the Court.