**Opinion filed April 22, 2010**



## In The

# Eleventh Court of Appeals

_____

### No. 11-08-00245-CR

_____

**VICTOR MENDOZA, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR33457**

### MEMORANDUM OPINION

The jury convicted Victor Mendoza of two counts of aggravated sexual assault of a child and two counts of indecency with a child and assessed his punishment at twenty years confinement on each aggravated sexual assault count, ten years confinement for one indecency count, and five years confinement for the other. The trial court ordered that both twenty-year sentences and the five-year sentence run concurrently and that the ten-year sentence would begin upon completion of those sentences. We affirm.

### I. *Background Facts*

In late 2006, Mendoza lived in Midland with his daughter, granddaughter-in-law, and two great-granddaughters, J.M. and D.M. During this time, another great-granddaughter, M.M., frequently visited the residence. J.M.'s school contacted her mother and the Midland Police Department concerned about possible child abuse. D.M. and M.M. sat for forensic interviews at

Midland Children's Advocacy Center. D.M. disclosed that her "grandfather" kissed her "in the mouth" and licked and bit her "private." D.M. also described how her grandfather exposed himself to her. M.M. disclosed in her interview that Mendoza stuck his tongue into her genitals.

Mendoza was indicted by the grand jury on four separate counts. The first two alleged that Mendoza penetrated M.M.'s sexual organ and mouth. Counts Three and Four alleged that he touched D.M.'s genitals and exposed his genitals to her.

## II. *Issues Presented*

Mendoza presents two issues on appeal. He challenges the legal and factual sufficiency of the evidence that he touched a part of D.M.'s genitals and of the evidence identifying him as the individual responsible for the acts described in Counts Three and Four.

## III. *Legal & Factual Sufficiency*

To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we must review all the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

### A. *Was There Sufficient Evidence that Mendoza Touched the Genitals of a Child?*

Andra Kay Chamberlin, an employee with the Children's Advocacy Center and the designated outcry witness, testified that she interviewed D.M. At the time, D.M. was six years old. D.M. told her that Mendoza kissed her in the mouth and licked and bit her private and that it hurt when he bit her. During the interview, D.M. circled the genital area on a female drawing to demonstrate where her private was. She also told Chamberlin that she saw Mendoza's "wee wee," described it as black and hairy, and said that Mendoza told her to lick it. D.M. also testified at trial. She was given a drawing of a girl with no clothes and was asked to draw a circle where Mendoza touched her. She drew a circle around the figure's genital area.

The State was required to prove beyond a reasonable doubt that Mendoza committed indecency with D.M. by engaging her in sexual contact. TEX. PENAL CODE ANN. § 21.11 (Vernon Supp. 2009). Sexual contact is defined as touching the anus, breast, or any part of the

2

genitals of another person with the intent to arouse or gratify the sexual desire of any person. TEX. PENAL CODE ANN. § 21.01 (Vernon Supp. 2009). Mendoza complains that D.M.'s circling of the genital area on an anatomical drawing does not support the finding that he touched any part of her genitals because this would allow a conviction for touching D.M.'s thigh or abdomen. Mendoza relies primarily upon *Nelson v. State*, 505 S.W.2d 551, 552 (Tex. Crim. App. 1974) (reversing fondling conviction because the term "chest" is patently broader than "breast") to argue that D.M.'s drawing was insufficient.

When the victim is a child, their use of unsophisticated language must be considered. *See Clark v. State*, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977) (explaining the inherent difficulties regarding the testimony of child sexual abuse victims because the child often lacks the technical knowledge to accurately describe her body). Texas courts have repeatedly upheld convictions where the child victim used imprecise terms. *See id.* (holding evidence sufficient to show sexual contact where complainant testified appellant touched her "front butt"); *Thomas v. State*, 399 S.W.2d 555, 556 (Tex. Crim. App. 1966) ("privates" sufficient); *Scott v. State*, 202 S.W.3d 405, 410 (Tex. App.—Texarkana 2006, pet. ref'd) ("private areas" sufficient); *Bryant v. State*, 685 S.W.2d 472, 475 (Tex. App.—Fort Wort 1985, pet. ref'd) ("between [the] legs" sufficient).

Applying this principle to D.M.'s drawing, the jury was entitled to give consideration to her age when determining whether Mendoza engaged in sexual contact. We note that D.M. drew a relatively small circle around the figure's vagina. We note also that D.M. referred to the genital area as the place "where you peed" and that she told Chamberlin that Mendoza "had licked her private and that he had bitten her private and it hurt." The evidence was legally and factually sufficient to support the jury's conclusion that Mendoza engaged in sexual contact with D.M. as charged in Count Three. Mendoza's first issue is overruled.

B. *Was the State's Identification Evidence Sufficient?*

Mendoza also argues that there is insufficient evidence identifying him as the person charged by the State in Counts Three and Four of the indictment. Identification of the defendant as the person who committed the offense charged is part of the State's burden of proof beyond a reasonable doubt. *Miller v. State*, 667 S.W.2d 773, 775 (Tex. Crim. App. 1984). When a defendant contests the identity element of the offense, we are mindful that identity may be proven by direct evidence, circumstantial evidence, or even inferences. *Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd). Although the preferred procedure is for

the prosecutor to request notation in the record of an in-court identification, it is not required to sustain a jury's guilty verdict. *Rohlfing v. State*, 612 S.W.2d 598, 601 (Tex. Crim. App. 1981). Instead, we look to see if the totality of the circumstances indicates that the jury was adequately apprised that the witnesses were referring to the appellant. *Id.*

Mendoza claims he was not properly identified in court because the record does not document an in-court identification and because his great-granddaughter, D.M., identified the perpetrator as "Grandpa." The State asked D.M. if the person who touched her inappropriately was in the courtroom. She responded yes and then the following transpired:

Q. Okay. Are they in here? Now, are you a little nervous to talk about that person? Does that make you kind of scared?

A. Uh-huh.

Q. Well, what I need to do, D.M., is just so we can maybe find out who you're talking about, I'm just going to walk over to another part of the room, and I want you [to] tell us if I'm walking in the direction where that person is, okay? If I walk over here, is that where that person is?

A. No.

Q. How about if I walk over this way, is that where that person is?

A. I don't know.

Q. You don't know? If I walk all the way over here, is that where that person is? Can you see where I am?

A. Yes.

Q. Okay. Is that where that person is?

A. (Nods Head Affirmatively)

Q. Okay. Is it the person that I'm standing right here by? And you're shaking your head up and down, D.M. Is that a yes?

A. Yes.

Mendoza complains that this vague reference to an unknown person is insufficient. The State acknowledges that it did not seek a notation of identification in the record but asks that we consider D.M.'s testimony in conjunction with the other identification evidence.

4

Several important facts make clear that, when D.M. identified the perpetrator as her "Grandpa," she was referring to Mendoza and not a biological grandfather. First, it was established that, during the alleged time of the offense, Mendoza and D.M. lived in the same house and that Mendoza was often the only adult in the house with D.M. and M.M. Significantly, M.M. also identified Mendoza as "Grandpa" and not as her great-grandfather. M.M. also pointed to her Grandpa, and the prosecutor used the talismanic phrase to have the identification recorded.

Additionally, D.M. disclosed during her forensic interview that she had been abused by "Victor Mendoza." When questioned by the prosecutor, the mothers of the victims affirmatively answered that they knew Victor Mendoza and that he was in the courtroom and proceeded to identify him as the man wearing a black vest.

Finally, considering the totality of the circumstances, there is no substantial likelihood of misidentification. *See Cooks v. State*, 844 S.W.2d 697, 731 (Tex. Crim. App. 1992) (identification testimony is considered reliable when the totality of the circumstances shows no likelihood of misidentification). There was no controverting identification evidence or suggestion that anyone else was responsible for the charged acts; but, instead, the evidence consistently referred to Mendoza as the perpetrator. *Cf. Wiggins v. State*, 255 S.W.3d 766, 772 (Tex. App.—Texarkana 2008, no pet.) (affirming conviction despite the lack of a positive identification where both counsel repeatedly referred to the defendant as the accused and there was no controverting evidence).

The evidence is legally and factually sufficient to identify Mendoza as the charged individual and to sustain the jury's verdict. We are convinced that the jury was adequately apprised that the witnesses were referring to Mendoza, and we overrule his second issue.

## IV. *Conclusion*

The judgment of the trial court is affirmed.

April 22, 2010                                    RICK STRANGE

Do not publish. *See* TEX. R. APP. P. 47.2(b).     JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5