

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00025-CR

_____

BRADLEY CURTIS KOUGHER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1726304

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

A Hopkins County jury convicted Bradley Curtis Kougher of indecency with a child by contact.[1]  *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West Supp. 2017).  In accordance with the jury's verdict, the trial court sentenced Kougher to twenty years' imprisonment.  In a single point of error raised on appeal, Kougher argues that the trial court erred in admitting testimony of K.B. and J.D. under Article 38.37 of the Texas Code of Criminal Procedure because it was inadequate to support a finding by the jury that Kougher committed extraneous sexual offenses beyond a reasonable doubt.  Because we conclude that the trial court did not abuse its discretion in admitting K.B. and J.D.'s testimony, we affirm the trial court's judgment.

## I.      Standard of Review and Article 38.37

"[A] trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard."  *Bradshaw v. State*, 466 S.W.3d 875, 878 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011)).  "A trial court does not abuse its discretion if the decision to admit evidence is within the 'zone of reasonable disagreement.'"  *Id*. (quoting *Marsh v. State*, 343 S.W.3d 475, 478 (Tex. App.—Texarkana 2011, pet. ref'd)).  "If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed."  *Id*. (quoting *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002)).  "In determining

---

[1]In our companion cause number 06-18-00026-CR, Kougher also appeals his conviction for sexual performance by a child under fourteen years of age and sentence of life imprisonment.  *See* TEX. PENAL CODE ANN. § 43.25(c) (West Supp. 2017).

whether the trial court abused its discretion, '[w]e may not substitute our own decision for that of the trial court.'" *Id.* (quoting *Marsh*, 343 S.W.3d at 478).

By statute, when a defendant is tried for a sexual offense committed against a child under seventeen years of age, the State may, notwithstanding Rules 404 and 405 of the Texas Rules of Evidence, introduce evidence that the defendant has committed a separate sexual offense against another child "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, §§ 1–2 (West 2018). Thus, in cases like the one before us, Article 38.37 of the Code of Criminal Procedure permits the introduction of evidence "in a trial of a defendant for the enumerated sexual crimes against children . . . that the defendant has committed certain offenses against a nonvictim of the charged offense." *Belcher v. State*, 474 S.W.3d 840, 844 (Tex. App.—Tyler 2015, no pet.).

Before such evidence is introduced, the trial court must conduct a hearing outside the presence of the jury to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a.

## II. The Trial Court's Article 38.37 Ruling

At the Article 38.37 hearing, twelve-year-old K.B. testified that, while Kougher was dating her aunt, he sexually assaulted her and her cousin, J.D. Specifically, K.B. recalled being "raped" by Kougher when she was ten years old, while spending the night at her aunt's home. According to K.B., Kougher came into the room where she was sleeping and instructed her "to take down

[her] pants. . . [and] lay on the couch." K.B. testified that she felt forced to comply because Kougher was "a grownup" and that Kougher "start[ed] raping [her], like humping [her]." K.B. further specified that Kougher was not wearing pants and that "his private was going in [hers] up and down." K.B. testified that she "was so little" when the incident occurred that she believed Kougher was playing a game with her, but testified, "It felt so weird." Although Kougher instructed K.B. not to speak to anyone about the occurrence, K.B. told her parents because she "was too scared for him to do it again." K.B. stated that J.D. confided in her and informed her that she was also raped by Kougher.

J.D. testified that, while dating her mother, Kougher touched her "private area" and "kept on . . . trying to get on top of [her] . . . trying to have sex with [her]." She stated that Kougher would remove both of their clothing and "hump" her while she was naked. J.D. also testified, "[Kougher] told me to put his thing in my mouth" and that she committed the act to protect her family after Kougher threatened to kill them. J.D. clarified that her use of the term "thing" meant Kougher's "private." When asked if Kougher had put his "private" anywhere else, J.D. responded that Kougher had also put his "private" on her "private," that it hurt badly, and that "[w]hite sperm" came out of Kougher's private. J.D. further testified that Kougher would come into her bedroom every night and would unzip her sleeper to take photographs of her "private." According to J.D., K.B. "pretty much already knew" about the abuse "because he was doing it to her, too."

After this evidence was presented, Kougher argued that it was inadequate to support a finding by the jury that he committed the extraneous offenses beyond a reasonable doubt because there were "issue[s] about . . . credibility." The trial court ruled that it would not be making any

4

credibility determinations, found K.B.'s and J.D.'s testimony "fairly specific," and determined that the testimony, if believed by the jury, would be adequate to support a determination that extraneous sexual acts were committed beyond a reasonable doubt.

### III. The Trial Court Did Not Abuse Its Discretion in Admitting K.B.'s and J.D.'s Testimony

In support of his argument that the trial court erred in admitting K.B.'s and J.D.'s testimony under Article 38.37, Kougher argues that K.B. and J.D. did not adequately describe the term "private," did not point to any area of their bodies when referencing the term, and did not use any anatomical dolls or drawings to explain it. With respect to K.B., Kougher argues that she "did not describe pain" when she was raped by him. Thus, Kougher believes that K.B.'s and J.D.'s testimony was insufficient to support a jury finding that he committed extraneous sexual offenses beyond a reasonable doubt. We disagree.

The Texas Court of Criminal Appeals "has held evidence sufficient to show a touching of the genitals or 'sexual parts' even though the victim used language different from that in the statute to describe the part of the body touched." *Clark v. State*, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977). "[W]e cannot expect the child victims of violent crimes to testify with the same clarity and ability as is expected of mature and capable adults." *Mosley v. State*, 141 S.W.3d 816, 823 (Tex. App.—Texarkana 2004, pet. ref'd) (citing *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990)). "A child need not testify with precision as to where she was touched, and evidence that she was touched on her 'privates' or her 'private area' or 'between her legs' can support a finding that she was touched on her anus or genitals." *Jones v. State*, 184 S.W.3d 915, 919 (Tex. App.— Austin 2006, no pet.).

5

At the time of the Article 38.37 hearing, both K.B. and J.D. were twelve years old and testified that they were raped. The trial court could have determined that the girls were old enough to understand the term "rape" and that their descriptions of the acts committed by Kougher were sufficient for a jury to determine that their use of the term "private" referred to a sexual organ. *See Thomas v. State*, 399 S.W.2d 555, 556 (Tex. Crim. App. 1966) (victim's use of the term "privates" was sufficient to sustain a conviction, even in the absence of any further description of the term). Accordingly, we cannot conclude that the trial court abused its discretion in finding K.B.'s and J.D.'s testimony was sufficient to support a jury finding that Kougher had committed extraneous sexual acts against them.

We overrule Kougher's sole point of error.

## IV. Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     July 26, 2018
Date Decided:     August 8, 2018

Do Not Publish

6