James Arthur CLARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 53928.

Court of Criminal Appeals of Texas.

Dec. 14, 1977.

Michael Allen Peters, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and John S. Holleman, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

In a trial before a jury, appellant was convicted of indecency with a child. The court assessed his punishment at eight years in the Texas Department of Corrections.

In his first ground of error, appellant contends that the evidence is insufficient to support his conviction. V.T.C.A., Penal Code, Sec. 21.11, provides:

"(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex he:

"(1) engages in sexual contact with the child; . . ."

V.T.C.A., Penal Code, Sec. 21.01(2), provides:

" 'Sexual contact' means any touching of the anus or any part of the genitals of another person . . . with intent to arouse or gratify the sexual desire of any person."

Appellant argues that none of the testimony showed that he ever had "sexual contact" with the prosecutrix, since there was no evidence that he touched her anus or genitals.

The record reflects that the prosecutrix was six years old at the time of trial.[1] On the date of the offense, appellant was living with the prosecutrix's mother in an apartment in Harris County. The prosecutrix testified that on that night appellant came into her room while she was asleep. She stated that when she awoke appellant had his finger in her "butt." The prosecutor attempted to clarify what she meant by "butt." He stated,

"Q. Your mother explained to me that you have a front butt and a back butt, is that not correct?

"A. Yes.

"Q. Okay, your back is where you mess when you go to the restroom?

"A. Yes, sir.

"Q. You know where your pea (sic) thing is what you go to the bathroom that is your front butt, is that right.

"A. Yes, sir.

"Q. Your front butt is in between your legs in this area here?

"A. Yes."

The prosecutrix stated that appellant then sucked on her breasts and had her suck on his "front butt" which she indicated was his penis. She testified that he kissed her on the mouth and told her that he loved her. She stated,

"A. Then he—then he sucked on my butt again and put his fingers in it and told me if it hurt and it did.

"Q. [Prosecutor] You say he sucked on your front butt?

"A. Yes.

"Q. And that is the area between your legs where you pea (sic) at?

"A. Yes.

"Q. And he had his lips on that area of your body?

"A. Yes.

"Q. And then what did he do? You say he stuck his fingers in your front butt again?

1. No evidence was introduced as to her age at the time of the offense. However, the offense occurred on December 20, 1975, and appellant was tried on May 4, 1976. Thus, she was either five or six years old at the time of the offense.

"A. Yes."

The prosecutrix's grandmother testified that the day after the offense occurred she observed red bruises on the prosecutrix's breasts. She testified that the prosecutrix then told her what appellant had done. The State introduced into evidence photographs of the prosecutrix taken the day after the offense, showing the bruises on her breasts.

The mother of the prosecutrix testified that her daughter had also told her what appellant had done after the discovery of the bruises. She further stated the prosecutrix called her vagina her "little butt."

■ Appellant testified in his own behalf, and denied that he ever touched the prosecutrix. He now contends that the evidence is insufficient to show that he touched the genitals or anus of prosecutrix. He argues that the evidence only shows that he touched her "front butt" which was defined as that "area between your legs where you pea (sic) at." Appellant places great reliance upon the testimony of the mother that the prosecutrix called her vagina her "little butt." Since the prosecutrix testified that he touched her "front butt," appellant argues that she was not referring to her vagina when she described where appellant touched her. Since the definition of "sexual contact" includes only the anus and genitals, and does not include the urinary opening, appellant argues that the State has not proven that he committed a crime under Sec. 21.11, V.T.C.A., Penal Code. He further argues that in a female "genitals" include only the vagina and no other part of the genital area. Appellant's contention is without merit. We hold that the evidence is sufficient to sustain the conviction.

■ When the prosecutrix testified that appellant touched her "front butt" as she defined it, this was sufficient to show that he had "sexual contact" with her. The definition of "sexual contact" under the statute includes the touching of "any part

of the genitals" of a person. Thus, the statute includes more than just the vagina in its definition; the definition of "genitals" includes the vulva which immediately surrounds the vagina. See *Ball v. State,* 163 Tex.Cr.R. 214, 289 S.W.2d 926 (1956), and *Pendell v. State,* 158 Tex.Cr.R. 119, 253 S.W.2d 426 (1952), defining genital organs under the former penal code, Article 535d.

Further, under the former code, this Court has held evidence sufficient to show a touching of the genitals or "sexual parts" even though the victim used language different from that in the statute to describe the part of the body touched. *Tyra v. State,* 534 S.W.2d 695 (Tex.Cr.App.1976) (area between legs "where use the restroom" sufficient); *Whatley v. State,* 488 S.W.2d 422 (Tex.Cr.App.1972) (same); *Thomas v. State,* 399 S.W.2d 555 (Tex.Cr.App.1966) ("privates" sufficient). See also *Mounce v. State,* 432 S.W.2d 104 (Tex.Cr.App.1968).

It is important to note that in a prosecution under Sec. 21.11, V.T.C.A., Penal Code, the victim is a child, and may well be very young. As such, the child may lack the technical knowledge to accurately describe parts of his or her body. Where the child has sufficiently communicated to the trier of fact that the touching occurred to a part of the body within the definition of Sec. 21.01, the evidence will be sufficient to support a conviction regardless of the unsophisticated language that the child uses. For this Court to hold otherwise would be to frustrate the intent of the statute. Appellant's first ground of error is overruled.

Appellant next contends that the trial court abused its discretion in permitting the six year old prosecutrix to testify, in violation of Article 38.06(2), Vernon's Ann.C.C.P. The statute provides that all persons are competent to testify except,

"2. Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interroga-

ted, or who do not understand the obligation of an oath."

In the instant case, appellant objected to the prosecutrix's testimony. The trial court then recessed the jury and the prosecutor proceeded to question the prosecutrix. During the examination she stated that she knew the difference between the truth and a lie, and that she knew that people who lied went to jail or to "hell." The trial court ruled that she was able to relate the transactions about which she was interrogated and that she understood the obligation of an oath and was therefore competent to testify.

■ The question of competency of witnesses is for the trial court to resolve. Upon review, a ruling by the trial court will not be disturbed unless an abuse of discretion is shown. *Provost v. State,* 514 S.W.2d 269 (Tex.Cr.App.1974); *West v. State,* 511 S.W.2d 502 (Tex.Cr.App.1974). In determining whether there has been an abuse of discretion, this Court will review the entire testimony of the witness in addition to that given in the hearing on competency. *Provost v. State,* supra; *West v. State,* supra.

■ Our review of the entire testimony given by the prosecutrix reveals that the trial court committed no abuse of discretion in allowing her to testify. The fact that she made inconsistent statements as to details of the offense or gave much of her testimony in response to leading questions does not render her incompetent. *Griffin v. State,* 514 S.W.2d 278 (Tex.Cr.App.1974); *Fields v. State,* 500 S.W.2d 500 (Tex.Cr.App. 1973).

■ Appellant also argues that the trial court failed to comply with Article 38.06(2), Vernon's Ann.C.C.P. He contends that the statute requires the court rather than the prosecutor to examine the witness. Since the court did not directly question the witness, appellant argues that there was no compliance with the statute. This contention is without merit. It is not error for the

court to permit the actual examination of the witness to be conducted by the prosecution. As long as the court makes an independent ruling on competency based upon an examination of the witness by the court, the prosecution or the defense attorney, there is compliance with the statute. Appellant's second ground of error is overruled.

■ In his third ground of error, appellant contends that the indictment for the offense is fundamentally defective in that it fails to allege a material fact in the description of the offense. We note that no motion to quash was filed in the trial court.

The indictment states that appellant,

"did then and there unlawfully with intent to arouse the sexual desire of the Defendant have sexual contact by touching the genitals of L_____ M_____ M_____, a child under the age of seventeen years and not his spouse."

Appellant contends that this indictment is fundamentally defective in that it fails to allege a culpable mental state, under V.T. C.A. Penal Code, Sec. 6.02. This statute provides that a person does not commit an offense unless he intentionally, knowingly, recklessly or with criminal negligence engages in conduct as the definition of the offense requires. Since the indictment fails to allege a culpable mental state, appellant argues that his conviction under it is void. This contention is without merit.

In *Teniente v. State,* 533 S.W.2d 805 (Tex.Cr.App.1976) this Court considered and rejected this same argument in an indictment for burglary. That indictment alleged that the defendant

" . . . did then and there with intent to commit theft, enter a habitation without effective consent of Carlos Reyna, the owner."

The defendant argued that the indictment was fundamentally defective because it failed to allege that the entering was "knowingly and intentionally" done. In

holding that the indictment was not fundamentally defective, this Court stated:

> "The conduct that is the gist of the offense of burglary in this case is the entry into the habitation [footnote omitted] with the requisite intent. The indictment alleges the culpable mental state with which the appellant entered the habitation; it alleges he entered the habitation 'with the intent to commit theft.' "

In the instant case, the gist of the offense is appellant's having sexual contact with the prosecutrix, with the requisite intent. The indictment does allege the culpable mental state with which he had sexual contact. Therefore, under the authority of *Teniente v. State,* supra, appellant's third ground of error is overruled.[2] See also, *Johnson v. State,* 537 S.W.2d 16 (Tex.Cr. App.1976).

▄▄▄ In his fourth ground of error, appellant contends that the evidence is insufficient to show that the trial court had jurisdiction of the case, in that venue was never proven. Appellant raises this for the first time on appeal. Since no issue of venue was made in the court below, it is presumed that venue was proven. Article 44.24, Vernon's Ann.C.C.P.; *Grant v. State,* 507 S.W.2d 732 (Tex.Cr.App.1974). Further, we note that although the prosecutrix could not testify as to which county her mother's apartment was in (the apartment being the place where the offense occurred), the prosecutrix's grandmother testified that the apartment was in Harris County. This was sufficient to prove venue, which need only be proven by a preponderance of the evidence. Article 13.17, Vernon's Ann.C.C.P.; *Banks v. State,* 530 S.W.2d 940 (Tex.Cr.App.1975).

The judgment is affirmed.

Opinion approved by the Court.

2. *Victory v. State,* 547 S.W.2d 1 (Tex.Cr.App. 1976), is not authority for appellant's contention, as he asserts. In *Victory,* the indictment for indecency with a child failed to allege that

the defendant had sexual contact" with the intent to arouse or gratify the sexual desire" of any person, which was a material fact in the description of the offense.