Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00682-CR

Zemia **JACKSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-5267
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:        Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:    September 10, 2008

AFFIRMED

Zemia Jackson appeals his conviction for indecency with a child, arguing the evidence is factually insufficient to support the jury's verdict. We affirm the judgment.

## BACKGROUND

Fourteen-year-old J.N. lived with her siblings, her mother, and her mother's boyfriend, Zemia Jackson. One Saturday morning Jackson claimed to be ill and did not go to work. When J.N.'s mother, April J., returned home from work that afternoon, she noticed J.N. was pale. She asked J.N.

what was wrong and J.N. replied she was fine. Later that evening, April found J.N. sitting outside "in a daze, staring off." When April again asked J.N. if anything was wrong, J.N. started crying and told her mother that Jackson had touched her vaginal area. April immediately confronted Jackson, but Jackson denied touching J.N. When April attempted to call the police, Jackson took the telephone from her and later ripped the telephone line out of the wall jack. Eventually, April used a neighbor's telephone to call the police. Jackson fled the residence, but was later arrested nearby. A jury found Jackson guilty of a single count of indecency with a child and sentenced him to ten years in prison.

## FACTUAL SUFFICIENCY

In a factual sufficiency review we view all of the evidence in a neutral light, giving great deference to the jury's determination of credibility. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We will reverse only if the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust or if the evidence supporting the verdict is outweighed by the great weight and preponderance of the evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). We may not reverse for factual insufficiency when "the greater weight and preponderance of the evidence actually favors conviction." *Id.* at 417.

Jackson asserts J.N. did not affirmatively testify Jackson touched her genitals and argues the evidence is factually insufficient to support a finding that he engaged in sexual contact with J.N. *See* TEX. PENAL CODE ANN. § 21.11(c)(1) (Vernon 2003) (defining "sexual contact" as "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child" if "committed with the intent to arouse or gratify the sexual desire of any person").

J.N. testified she was asleep when she felt the blanket being pulled up and a hand "almost" go through her shorts. The hand went under the bottom of her shorts and she "almost" felt the hand in her vaginal area. J.N. later testified Jackson touched her between her "butt" and "cooch where I pee at." She stated Jackson did not touch "inside" her "cooch," but touched the "outside" of it, rubbing it with his hand. She testified that by using the term "cooch" she was referring to her vagina. April testified J.N. told her Jackson went into J.N.'s room, uncovered her, slipped his hand underneath her shorts and underwear, and touched her vaginal area. J.N. and April testified consistently about Jackson's attempts to prevent April from calling the police and his flight after the 911 call was made.

That J.N. was sleeping when the attack began and her use of the word "almost" in parts of her testimony were matters for the jury to consider in determining the credibility of her testimony. Viewing the evidence in a neutral light and giving deference to the jury's credibility determinations, we hold the evidence is sufficient to support a finding that Jackson touched J.N.'s genitals. *See Clark v. State*, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977) (holding that "genitals," as used in statute prohibiting sexual contact with child, includes the vulva which immediately surrounds vagina). The greater weight and preponderance of the evidence favors conviction and the evidence was not so weak as to render the verdict unjust. Accordingly, we overrule Jackson's sole point of error and affirm the trial court's judgment.

Steven C. Hilbig, Justice

Do not publish