NO. 07-10-00170-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 11, 2011

BERNARDO MARTINEZ SALCIDO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. BC-2597; HONORABLE GORDON HOUSTON GREEN, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Bernardo Martinez Salcido, was convicted of indecency with a child by sexual contact[1] and sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for seven years.  Appellant appeals the sentence contending that the evidence was not sufficient to sustain the conviction.  We affirm.

---

[1] See TEX. PENAL CODE ANN. § 21.11(a)(1) (West Supp. 2010).

Factual and Procedural Background

In the summer of 2009, the victim, K.C., and her younger sister came to Muleshoe to visit their father, Gary Childers. Childers rented a residence from appellant. At the time of the incident in question, K.C. was 14 years old. During the course of K.C.'s stay in Muleshoe, she had met appellant and been inside his home on several occasions. According to K.C., the house her father lived in did not have a television and was not air conditioned, and, for these reasons, K.C. and her sister would go to appellant's home during the day while her father was at work. The testimony of K.C. revealed that on July 9, 2009, she and her sister had gone to appellant's home on approximately three occasions earlier in the day only to find no one at home. Finally, in the late afternoon, K.C. went back to appellant's home again. This time her sister had declined to go with her. Upon arriving, K.C. saw appellant outside his home in the driveway. When K.C. pulled up on her bicycle, appellant spoke to her and invited her into the house. K.C. testified that she followed appellant into the house, through the living room, through the kitchen, and into a back bedroom. K.C. also testified that, when she went through the front door, appellant stopped and locked the door. Upon coming into the back bedroom, K.C. testified that appellant pushed her up against a washer, started saying he loved her, and pushed his hand down the outside of the front of her shorts. After appellant slid his hand down the front of her shorts, K.C. was able to push appellant away and run to the front door. She was able to get the door unlocked and run out to her bicycle. K.C. went back to her father's house and told her sister what happened. They both rode their bicycles to Childers's job site and told him what had occurred. The police were called, and, later that evening, K.C. went to the police station

2

and gave a statement. Subsequently, appellant was arrested and indicted for the offense of indecency with a child by contact. After a jury trial, appellant was convicted and sentenced to seven years confinement in the ID-TDCJ. He appeals contending that the evidence is insufficient to support the judgment of the trial court. We disagree with appellant and affirm the judgment of the trial court.

## Evidentiary Sufficiency

As an initial consideration, we observe that appellant's appeal contends that the evidence is both legally and factually insufficient. Appellant's brief was prepared and filed before the Texas Court of Criminal Appeals issued its opinion in Brooks v. State, 323 S.W.3d 893, 902 (Tex.Crim.App. 2010), wherein the court ruled that there is no distinction between a claim of legal as opposed to factual insufficiency of the evidence. Further, the court expressly overruled Clewis v. State, 922 S.W.2d 126 (Tex.Crim.App. 1996), and its purported application to factual sufficiency questions. Id. at 911. What the court appears to do is to urge the reviewing court to apply a more rigorous application of the sufficiency test set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See id. at 912. Therefore, we will review appellant's claims of evidentiary sufficiency under the standard of review set forth in Jackson. See 443 U.S. at 319.

## Standard of Review

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson,

3

443 U.S. at 319; Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). We measure the legal sufficiency of the evidence against a hypothetically correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). Finally, when reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. See Brooks, 323 S.W.3d at 906 (discussing Judge Cochran's dissent in Watson v. State, 204 S.W.3d 404, 448-50 (Tex.Crim.App. 2006), as outlining the proper application of a single evidentiary standard of review).[2]

Analysis

The elements the State must prove in an indecency with a child by contact case are:

1. Appellant

2. on or about July 9, 2009

3. in Bailey County, Texas

4. with intent to arouse or gratify his sexual desire

5. intentionally and knowingly

6. engaged in sexual contact

7. with K.C.

---

[2] We note that this Court has at times quoted Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988), for the proposition that we had to uphold the verdict of the jury unless it was irrational or unsupported by more than a mere modicum of evidence. We view such a statement, insofar as a modicum of evidence being sufficient evidence, as contrary to a rigorous application of the Jackson standard of review urged by the Court in Brooks.

4

8. by touching the genitals of K.C.

9. a child younger than 17 years and not the spouse of appellant

The sum of appellant's argument regarding the sufficiency of the evidence is that the testimony of K.C. never describes appellant touching K.C.'s genitals. K.C.'s testimony regarding the actual touching is as follows:

Q. And can you tell us – what was the fir thing that happened there?

A. He pushed me up against the washer and he started saying that he loved me and he would never hurt me and he was kissing my cheek and he slid his hand down the outside of my shorts.

Q. I need you to be really specific when you answer these questions. I'm sorry, but when you say he slid his hand down the front of your shorts, you've testified that was on the ouside of your clothes?

A. Yes, ma'am.

Q. What did you have on that day?

A. I had on blue shorts and an orange and white striped T-shirt.

Q. And where did his hand- - when he was sliding his hand down the front of your shorts, where did it - - where did he start with his hand?

A. What do you mean?

Q. Where on your body was his hand when you first felt it?

A. The palm of his hand was about at about waist and his fingers were down like below pubic - - where the pubic hair, like.

Q. And where did his hand go?

A. It just slid down a little further, and then I pushed him.

Q. How far - - how far down did the palm part of his hand go?

A. To the beginning of where pubic hair would be, and then that was it.

Q. Did his hands go between your legs?

A. No.

Q. How many times did that happen?

A. Just once.

According to appellant, this testimony does not sufficiently describe a contact with the genitals of K.C. to support the jury's decision to convict.

The Texas Court of Criminal Appeals has addressed this issue in Clark v. State, 558 S.W.2d 887, 889 (Tex.Crim.App. 1977), when it held that "[t]he definition of 'sexual contact' under the statute includes the touching of 'any part of the genitals' of a person.[3] Thus, the statute includes more than just the vagina in its definition; the definition of 'genitals' includes the vulva which immediately surrounds the vagina."  This holding has recently been applied by the Fort Worth Court of Appeals to find the evidence sufficient when the testimony revealed the defendant had touched the victim's pubic hair.  See Carmell v. State, No. 02-97-197-CR, 2010 Tex. App. LEXIS 8035 at *24-*25 (Tex.App.—Forth Worth Sep. 30, 2010, no pet.).

Both appellant and the State have cited the Court to Gray's Anatomy of the Human Body for a description of the female genital area.  Gray's describes the female genital area as being comprised of:

> The external genital organs of the female are: the mons pubis, the labia majora et minora pudendi, the clitoris, the vestibule of the vagina, the bulb of the vestibule, and the greater vestibular glands.  The term pudendum or vulva, as generally applied, includes all these parts.

---

[3] Current section 21.11(c)(1) defines "sexual contact" as any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child, if such touching was committed with the intent to arouse or gratify the sexual desire of any person.  See TEX. PENAL CODE ANN. § 21.11(c)(1) (West Supp. 2010).

The Mons Pubis (commissural labiorum anterior; mons Veneris), the rounded eminence in front of the pubic symphysis, is formed by a collection of fatty tissue beneath the integument. It becomes covered with hair at the time of puberty. Henry Gray, ANATOMY OF THE HUMAN BODY, § 3d.5. (Warren H. Lewis ed., Lea & Febiger 20th ed. 1918), available at http://www.bartleby.com/107/270.html.

The testimony of K.C. is that appellant's palm went down to her pubic hair area. Even though appellant's fingers did not go between her legs, it is apparent that the palm did in fact make contact with K.C.'s genital area. The pubic area is part of the vulva, which the courts in Texas have determined to be part of the genital area of a female. Clark, 558 S.W.2d at 889. Therefore, the jury was acting rationally when it found appellant guilty beyond a reasonable doubt. See Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620. Appellant's issue is overruled.

Conclusion

Having overruled appellant's single issue, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.

7