NO. 07-10-00170-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
11, 2011

 



 

BERNARDO MARTINEZ SALCIDO, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 287TH DISTRICT COURT OF
BAILEY COUNTY;

 

NO. BC-2597; HONORABLE GORDON HOUSTON GREEN, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

Appellant, Bernardo Martinez Salcido, was convicted of indecency with a child by sexual
contact[1]
and sentenced to confinement in the Institutional Division of the Texas
Department of Criminal Justice (ID-TDCJ) for seven years.  Appellant appeals the sentence contending
that the evidence was not sufficient to sustain the conviction.  We affirm.

 

 

Factual and Procedural Background

            In
the summer of 2009, the victim, K.C., and her younger sister came to Muleshoe
to visit their father, Gary Childers. 
Childers rented a residence from appellant.  At the time of the incident in question, K.C.
was 14 years old.  During the course of
K.C.’s stay in Muleshoe, she had met appellant and been inside his home on
several occasions.  According to K.C.,
the house her father lived in did not have a television and was not air
conditioned, and, for these reasons, K.C. and her sister would go to
appellant’s home during the day while her father was at work.  The testimony of K.C. revealed that on July
9, 2009, she and her sister had gone to appellant’s home on approximately three
occasions earlier in the day only to find no one at home.  Finally, in the late afternoon, K.C. went
back to appellant’s home again.  This
time her sister had declined to go with her. 
Upon arriving, K.C. saw appellant outside his home in the driveway.  When K.C. pulled up on her bicycle, appellant
spoke to her and invited her into the house. 
K.C. testified that she followed appellant into the house, through the
living room, through the kitchen, and into a back bedroom.  K.C. also testified that, when she went
through the front door, appellant stopped and locked the door.  Upon coming into the back bedroom, K.C.
testified that appellant pushed her up against a washer, started saying he
loved her, and pushed his hand down the outside of the front of her
shorts.  After appellant slid his hand
down the front of her shorts, K.C. was able to push appellant away and run to
the front door.  She was able to get the
door unlocked and run out to her bicycle. 
K.C. went back to her father’s house and told her sister what happened.  They both rode their bicycles to Childers’s
job site and told him what had occurred. 
The police were called, and, later that evening, K.C. went to the police
station and gave a statement. 
Subsequently, appellant was arrested and indicted for the offense of
indecency with a child by contact.  After
a jury trial, appellant was convicted and sentenced to seven years confinement
in the ID-TDCJ.  He appeals contending
that the evidence is insufficient to support the judgment of the trial
court.   We disagree with appellant and
affirm the judgment of the trial court.

Evidentiary Sufficiency

            As
an initial consideration, we observe that appellant’s appeal contends that the
evidence is both legally and factually insufficient.  Appellant’s brief was prepared and filed
before the Texas Court of Criminal Appeals issued its opinion in Brooks v. State,
323 S.W.3d 893, 902 (Tex.Crim.App. 2010), wherein the
court ruled that there is no distinction between a claim of legal as opposed to
factual insufficiency of the evidence. 
Further, the court expressly overruled Clewis
v. State, 922 S.W.2d 126 (Tex.Crim.App. 1996),
and its purported application to factual sufficiency questions.  Id. at 911.  What the court appears to do is to urge the
reviewing court to apply a more rigorous application of the sufficiency test
set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979).  See id.
at 912.  Therefore, we will review
appellant’s claims of evidentiary sufficiency under the standard of review set
forth in Jackson.  See 443
U.S. at 319.

Standard of Review

            In
assessing the sufficiency of the evidence, we review all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson, 443 U.S. at 319; Ross v. State, 133 S.W.3d
618, 620 (Tex.Crim.App. 2004).  We measure the legal sufficiency of the
evidence against a hypothetically correct jury charge.  See Malik
v. State, 953 S.W.2d 234, 240 (Tex.Crim.App.
1997).  Finally, when reviewing all of
the evidence under the Jackson standard of review, the ultimate question
is whether the jury’s finding of guilt was a rational finding.  See Brooks, 323 S.W.3d at 906
(discussing Judge Cochran’s dissent in Watson v. State, 204 S.W.3d 404,
448-50 (Tex.Crim.App. 2006), as outlining the proper
application of a single evidentiary standard of review).[2]

Analysis

            The
elements the State must prove in an indecency with a child by contact case are:

1.    Appellant

2.    on or about July 9, 2009 

3.    in Bailey County, Texas

4.    with intent to arouse or gratify his
sexual desire

5.    intentionally and knowingly

6.    engaged in sexual contact 

7.    with K.C.

8.    by touching the genitals of K.C.

9.    a child younger than 17 years and not
the spouse of appellant 

            The
sum of appellant’s argument regarding the sufficiency of the evidence is that
the testimony of K.C. never describes appellant touching K.C.’s genitals.  K.C.’s testimony regarding the actual
touching is as follows:

Q. And can you tell us –
what was the fir thing that happened there? 


A. He pushed me up against the washer
and he started saying that he loved me and he would never hurt me and he was
kissing my cheek and he slid his hand down the outside of my shorts.

Q. I need you to be really specific when
you answer these questions.  I’m sorry,
but when you say he slid his hand down the front of your shorts, you’ve
testified that was on the ouside of your clothes? 

A. Yes, ma’am.

Q. What did you have on that day?

A. I had on blue shorts and an orange
and white striped T-shirt.

Q. And where did his hand- - when he was
sliding his hand down the front of your shorts, where did it - - where did he
start with his hand?

A. What do you mean?

Q. Where on your body was his hand when
you first felt it?

A. The palm of his hand was about at
about waist and his fingers were down like below pubic - - where the pubic
hair, like.

Q. And where did his hand go?

A. It just slid down a little further,
and then I pushed him.

Q. How far - - how far down did the palm
part of his hand go?

A. To the beginning of where pubic hair
would be, and then that was it.

Q. Did his hands go between your legs?

A. No.

Q. How many times did that happen?

A. Just once.

According to appellant, this
testimony does not sufficiently describe a contact with the genitals of K.C. to
support the jury’s decision to convict.

            The
Texas Court of Criminal Appeals has addressed this issue in Clark v. State,
558 S.W.2d 887, 889 (Tex.Crim.App. 1977), when it
held that “[t]he definition of ‘sexual contact’ under the statute includes the
touching of ‘any part of the genitals’ of a person.[3]  Thus, the statute includes more than just the
vagina in its definition; the definition of ‘genitals’ includes the vulva which
immediately surrounds the vagina.”  This
holding has recently been applied by the Fort Worth Court of Appeals to find
the evidence sufficient when the testimony revealed the defendant had touched
the victim’s pubic hair.  See Carmell v. State, No. 02-97-197-CR, 2010 Tex.
App. LEXIS 8035 at *24-*25 (Tex.App.—Forth Worth Sep.
30, 2010, no pet.).  

            Both
appellant and the State have cited the Court to Gray’s Anatomy of the Human
Body for a description of the female genital area.  Gray’s describes the female genital area as
being comprised of:

The external genital organs of the female are: the mons
pubis, the labia majora et minora pudendi, the clitoris, the
vestibule of the vagina, the bulb of the vestibule, and the greater vestibular
glands.  The term pudendum or vulva, as
generally applied, includes all these parts.

The Mons Pubis (commissural labiorum
anterior; mons Veneris), the
rounded eminence in front of the pubic symphysis, is
formed by a collection of fatty tissue beneath the integument.  It becomes covered with hair at the time of
puberty. Henry Gray,
Anatomy of the Human Body, § 3d.5. (Warren H.
Lewis ed., Lea & Febiger 20th ed.
1918), available at http://www.bartleby.com/107/270.html.

            The testimony of K.C. is that appellant’s palm went down
to her pubic hair area.  Even though
appellant’s fingers did not go between her legs, it is apparent that the palm
did in fact make contact with K.C.’s genital area.  The pubic area is part of the vulva, which
the courts in Texas have determined to be part of the genital area of a female.  Clark, 558 S.W.2d at
889.  Therefore, the jury was
acting rationally when it found appellant guilty beyond a reasonable
doubt.  See Jackson, 443
U.S. at 319; Ross, 133 S.W.3d at 620.  Appellant’s issue is overruled.

Conclusion

            Having
overruled appellant’s single issue, we affirm the judgment of the trial court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.  

 








 











[1] See Tex.
Penal Code Ann. § 21.11(a)(1) (West Supp. 2010).





[2]
We note that this Court has at times quoted Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App.
1988), for the proposition that we had to uphold the verdict of the jury unless
it was irrational or unsupported by more than a mere modicum of evidence.  We view such a statement, insofar as a
modicum of evidence being sufficient evidence, as contrary to a rigorous
application of the Jackson standard of review urged by the Court in Brooks.
  





[3] Current section 21.11(c)(1) defines “sexual contact”
as any touching by a person, including touching through clothing, of the anus,
breast, or any part of the genitals of a child, if such touching was committed
with the intent to arouse or gratify the sexual desire of any person.  See Tex.
Penal Code Ann. § 21.11(c)(1) (West Supp.
2010).