

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00120-CR

———————————————

DYROL T. STUBBS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1581335D

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I.  Introduction

In a single issue, Appellant Dyrol T. Stubbs challenges his convictions by a jury for indecency with a child by sexual contact and indecency with a child by exposure. Appellant contends that the evidence is insufficient to support his convictions.  His entire argument turns on the fact that Complainant testified that Appellant had touched her vagina and had exposed his penis but had failed to describe either of these portions of the anatomy as genitals.  Because the term "genitals" is used in both the indictment and the indecency statute, Appellant argues that the evidence must specifically describe what was touched or exposed as a person's genitals.  The core of Appellant's argument is that testimony—explicitly referencing a sexual organ but failing to describe those organs with the term "genitals"—fails to prove the offense. We overrule Appellant's sole issue and affirm Appellant's convictions.

## II.  Factual and procedural background

The material portion of the indictment reads as follows:

That Dyrol T Stubbs, hereinafter called Defendant, on or about the 3rd day of May 2018, in the County of Tarrant, State of Texas, did intentionally, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact by touching any part of the genitals of [Complainant], a child younger than 17 years of age, including through the clothing,

Count Two:  And it is further presented in and to said court that the defendant in the County of Tarrant and State aforesaid on or about the 3rd day of May 2018, did with the intent to arouse or gratify the sexual desire of any person, intentionally expose any part of the

2

Defendant's genitals knowing a child younger than 17 years of age was present[.]

This indictment alleges an offense under Penal Code Section 21.11, which provides in relevant part,

> (a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person:
>
> > (1) engages in sexual contact with the child or causes the child to engage in sexual contact; or
>
> > (2) with intent to arouse or gratify the sexual desire of any person:
>
> > > (A) exposes the person's anus or any part of the person's *genitals*, knowing the child is present . . . .

Tex. Penal Code Ann. § 21.11(a) (emphasis added).

The statute goes on to describe sexual contact as

> the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:
>
> > (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the *genitals* of a child . . . .

*Id.* § 21.11(c)(1) (emphasis added).

Complainant testified that Appellant had touched her vagina:

Q. Okay. And what did [Appellant] do when he was hugging you?

> A. He touched me on my private area.

> Q. All right. And what did he --

> A. My vagina.

3

Q. What did he touch --

A. My vagina, that's what you could say.

Q. And what did he touch your private part with?

A. His hand.

Q. And was -- did he touch your private part over the clothes or under?

A. Over the clothes.

Q. And what did he do with his hand when he placed it on your private parts?

A. He rubbed my vagina.

With respect to Appellant's act of exposure, Complainant testified as follows that Appellant had exposed his penis:

Q. . . . You -- you said he showed you his thing?

A. Yeah.

Q. Now, when did he do that?

A. When I got in the kitchen. I didn't look down until he started touching me on my private area.

Q. And when you say "thing," what are you talking about?

A. His penis.

Q. And how do you know that he had his penis out?

A. Because I looked down where his hand was.

Q. Okay. So he had his penis in his hand?

4

A.  No, he had his penis out and his hand touching me.

## III.  Analysis

The entire substance of Appellant's argument on appeal is as follows:

Even when reviewing the evidence in the light most favorable to the jury's verdict, here the evidence is legally insufficient; a rational jury could not have found that Appellant [had] touched [Complainant's] genitals.

[Complainant] testified that Appellant [had] touched her vagina with his hand.  The statute uses the term "genitals[,]" and the indictment in this case alleged Appellant touched [Complainant's] genitals.  However, that was not the testimony.

Likewise, in regard to count two in the indictment, [Complainant] testified that when she looked down, she saw . . . Appellant's penis.  Again, the statute uses the phrase "genitals[,]" and the indictment in the case alleges Appellant exposed his genitals to [Complainant].  It may be splitting hairs, but the Government gets to pick the language used in an indictment and did not prove that element beyond a reasonable doubt.  Hence, a rational jury could not have found that Appellant [had] touched [Complainant's] genitals.  [Record references omitted.]

Appellant fails to support his argument with precedent, and the cases cited below articulate why he failed to do so.  Our court recently reviewed a conviction for indecency with a child and noted the following authority from the Court of Criminal Appeals when discussing the proof necessary to support a conviction:

*See Clark v. State*, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977) (explaining that "genitals" includes not only the vagina but also "the vulva which immediately surrounds the vagina" and that evidence is sufficient to show the touching of genitals even when a child victim uses language different from the statutory language to describe the part of the body contacted).

5

*Boyd v. State*, No. 02-20-00116-CR, 2022 WL 188331, at *3 & n.3 (Tex. App.—Fort Worth Jan. 20, 2022, no pet.) (mem. op., not designated for publication);[1] *see also Murray v. State*, 24 S.W.3d 881, 886 (Tex. App.—Waco 2000, pet. ref'd) (holding that vulgar reference to portion of female sexual organs proved touching of genitals).

As the Amarillo Court of Appeals has held when discussing whether the term "genitals" should be defined in the charge submitted for an indecency-with-a-child case, the word "genitals" is one of common parlance to which the jury may assign its common meaning. *See Davisonhicks v. State*, No. 07-18-00021-CR, 2019 WL 1890898, at *3 (Tex. App.—Amarillo Apr. 26, 2019, pet. ref'd) (mem. op., not designated for publication). The Amarillo court noted that the word "genitals" is not defined in Penal Code Section 21.01, which provides the definitions applicable to a sexual offense. *Id.* at *2 (citing Tex. Penal Code Ann. § 21.01). Thus, the Amarillo court concluded,

> Because the term "genitals" is not statutorily defined and has not acquired a special legal or technical meaning, we conclude that it was proper for the trial court not to define the term in the jury charge. It was proper for the jury to be allowed to assign the term any meaning acceptable in common parlance.

*Id.* at *3.

---

[1]Because of the narrowness of Appellant's argument, we do not detail the legal-sufficiency standard of review applicable to criminal cases.

The Amarillo court also noted that even when the description of a sexual organ is much vaguer than the ones used by Complainant in this case, such description was sufficient to support a conviction. *Id.* at *4. Specifically, that court held that

> [b]ecause a child victim may lack the technical knowledge to accurately describe the parts of her body, the evidence will be sufficient to support a conviction if the child communicates to the trier of fact that the defendant touched a part of her body covered by [S]ection 21.01. *Clark*, 558 S.W.2d at 889. As a result, the child victim's testimony that the defendant touched her "front butt," which she described as the "area between your legs where you pea (sic) at," was sufficient evidence to show that [appellant] had "sexual contact" with the victim. *Id.*

*Id.*

Here, Appellant does not argue that the sexual organs that Complainant testified that he had touched and had exposed do not fall within the definition of "genitals." Instead, he argues that the failure to use the specific word "genitals" to describe those organs is a fatal deficiency in proof. Such is not the law. Accordingly, we overrule Appellant's sole issue.

## IV. Conclusion

Having overruled Appellant's sole issue, we affirm the trial court's judgments.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 27, 2022