# IN THE COURT OF APPEALS OF IOWA

No. 24-0179
Filed May 21, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ZACHARY WAYNE VERDEYEN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Dubuque County, Monica Zrinyi Ackley, Judge.

Zachary Verdeyen appeals his convictions of second-degree sexual abuse and lascivious acts with a child. **AFFIRMED.**

Jesse A. Macro Jr. of Macro Law, LLP, Des Moines, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., Chicchelly, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**DOYLE, Senior Judge.**

Zachary Verdeyen appeals his convictions of second-degree sexual abuse and lascivious acts with a child. A jury found him guilty of both charges for touching the genitalia of a nine-year-old child in the summer of 2022. The child testified that she was sitting next to Verdeyen while watching a movie at home when Verdeyen reached into her underwear.

Verdeyen challenges the sufficiency of the evidence establishing his guilt. We review sufficiency-of-the-evidence claims for correction of errors at law. *See State v. Lacey*, 968 N.W.2d 792, 800 (Iowa 2021). We are "highly deferential" to the jury's verdict, viewing the evidence and any reasonable inferences that we can draw from it in the light most favorable to the State. *See id.* If substantial evidence supports the jury's verdict, we affirm. *See id.* Substantial evidence is evidence that may convince a rational person that the defendant is guilty beyond a reasonable doubt. *See id.* The fact that the evidence could support a different finding is irrelevant; the question is whether it supports the finding the jury made. *See id.*

Verdeyen first contends that the child's testimony alone cannot support his convictions because it lacks credibility. His argument is based on four possible inconsistencies: (1) The child testified that she and Verdeyen were sitting on the couch, which conflicts with her mother's testimony that they were lying on the couch. (2) The child testified at trial that Verdeyen got under her blanket, which conflicts with her prior statement that Verdeyen covered her with his blanket. (3) During her deposition, the child recalled what she and Verdeyen were wearing when the touching occurred, but she did not remember at trial. (4) The child denied

that any inappropriate touching occurred until "an extended period of time had passed."

The supreme court has reiterated that "[a] sexual abuse victim's testimony alone may be sufficient evidence for conviction." *State v. Donahue*, 957 N.W.2d 1, 10–11 (Iowa 2021). And claiming that such evidence "is not credible enough to convince a rational fact finder of his guilt beyond a reasonable doubt is unavailing for sufficiency of the evidence purposes." *Id.* at 11. The minor inconsistencies cited by Verdeyen do not negate the child's testimony. *Id.* ("Inconsistencies and lack of detail are common in sexual abuse cases and do not compel a jury to conclude that the victim is not credible or that there is insufficient evidence to support a guilty verdict."). We do not pass on witness credibility or weigh the evidence on appeal, as those matters are for the jury to decide. *See State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022). The jury could believe some of the child's testimony while rejecting other parts. *See State v. Shorter*, 945 N.W.2d 1, 10 (Iowa 2020). "Likewise, the jury is free to credit portions of both sides' evidence and conclude the real story is somewhere in the middle." *Id.* Verdeyen's trial counsel highlighted the alleged discrepancies in the child's testimony. The jury's verdict suggests it found the child more credible than not.

Verdeyen also claims the child's testimony does not prove beyond a reasonable doubt that he committed an act that falls within the definitions of second-degree sexual abuse and lascivious acts with a child. A person commits sexual abuse by performing a sex act with a child, *see* Iowa Code § 709.1(3) (2022), and the definition of "sex act" includes "[c]ontact between the finger, hand, or other body part of one person and the genitalia or anus of another person," *id.*

§ 702.17(3). A person commits lascivious acts with a child by fondling or touching the pubes or genitals of a child. *Id.* § 709.8(1)(a). Verdeyen argues that the child's testimony is insufficient for a jury to conclude he touched or fondled the child's genitals or pubes.

At trial, the prosecutor asked the child about Verdeyen making her feel uncomfortable while they watched the movie:

> Q. What did he do that made you feel uncomfortable? A. Um, he touched me.
> Q. And can you tell us where he touched? A. I don't really like talking about that.
> Q. . . . [W]ould it be better if you could . . . draw a picture or something like that? A. Um, I would just want to say that it was down there.
> Q. Okay. . . . [Y]ou said you didn't remember what you were wearing. Do you remember if you were like, if it was pajamas or regular clothes or like kind of approximately what you were wearing? A. I think it was like, um, pajamas.
> Q. . . . [Y]ou're saying he touched you down there. Does that mean somewhere on your body? A. Yeah.
> Q. Okay. And when he touched you on your body, did he touch you over your pajamas or underneath your pajamas? A. Under.
> Q. Okay. And when he touched you under your pajamas, is that under, like, your top or your bottoms? A. Bottoms.
> . . . .
> Q. . . . [C]an you say for us exactly what you mean when you say down there? A. Um, basically, under my pants and my underwear.
> Q. Under your underwear? A. Uh-huh. (Affirmative response.)
> Q. Okay. And did your underwear just cover like your privates and your bottom? A. Yes.
> Q. Okay. . . . [W]hat can you tell us in more detail about where underneath your underwear? A. All over.
> Q. Like the front part? A. Yes.
> Q. And what part of him did he touch you with? A. His hand.
> . . . .
> Q. Do you remember what part of his hand? A. Yeah.
> Q. And what part of his hand did he touch you with? A. Um, his finger.

Verdeyen argues that the child's testimony about being touched "down there" without further elaboration is not enough to prove he touched her genitalia.

Substantial evidence supports a finding that Verdeyen touched the child's genitalia. Although the prosecutor chose not to press the child for more detail about where Verdeyen touched her, her testimony is clear that the touching occurred underneath her underwear, which covered her "privates" and "bottom." When asked for more detail about where underneath her underwear Verdeyen touched her, the child answered, "All over," admitting he touched "the front part" that her underwear covered with his finger. The supreme court has recognized that terms used by young victims—like "little butt" or "front butt"—may be sufficient to identify the genital area. *State v. Martens*, 569 N.W.2d 482, 487 (Iowa 1997) (citing *Clark v. State*, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977)). Although young children "may lack the technical knowledge to accurately describe parts of [the] body," their "unsophisticated language" will support a conviction if it sufficiently conveys contact occurred with parts of the body prohibited by statute. *Id.* (quoting *Clark*, 558 S.W.2d at 889); *see also State v. Rankin*, 181 N.W.2d 169, 172 (Iowa 1970) (recognizing the need for flexibility with the "unsophisticated language" used by young children who have endured sexual abuse but "may lack the technical knowledge" to accurately describe parts of the body if there is sufficient evidence for the jury to determine the specific act committed by a defendant). The child's testimony was corroborated by her mother, her aunt, and a child protective services interviewer. Coupled with incriminating statements made by Verdeyen when confronted with allegations of abuse, substantial

evidence supports a finding that Verdeyen's finger touched the child's genitalia, supporting both convictions.[1]  We therefore affirm.

**AFFIRMED.**

---

[1] Among Verdeyen's statements to law enforcement, he admitted that he gets "handsy" when he sleeps, that he "can't control himself" when he is asleep, and that he had been drinking that night. He also admitted there was a "chance" the touching happened.  By the end of his interview with law enforcement, Verdeyen stated there was "a very very well likely chance I may have touched her."