

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00021-CR

EZEKIEL LATRELL DAVISONHICKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court 3
Tarrant County, Texas[1]
Trial Court No. 1425403D, Honorable Robb D. Catalano, Presiding

April 26, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Ezekiel Latrell Davisonhicks, appeals his jury-assessed conviction for the offense of indecency with a child by contact.[2] The same jury assessed appellant's sentence at ten years' incarceration in the Institutional Division of the Texas Department

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Second Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 21.11(a) (West 2019).

of Criminal Justice. The trial court entered judgment on the verdicts. We affirm the judgment of the trial court.

Factual and Procedural Background

The victim in this case, D.B., is appellant's niece. In April of 2015, soon after D.B. turned four, her mother observed D.B. acting as if she was trying to avoid having to go to the restroom. When the mother inquired further, D.B. said that it hurt or burned when she went to the bathroom. D.B.'s mother asked D.B. if anyone had touched her in that area. After some immediate hesitation, D.B. told her mother that her uncle, "Zeke," touched her in her "no-no part," which her mother identified as D.B.'s vaginal area. D.B.'s mother immediately took D.B. to the emergency room.

At the emergency room, D.B. was examined by Theresa Fugate, a sexual assault nurse examiner. D.B. informed Fugate that appellant touched her vaginal area with his hand or finger on one occasion when D.B. was at her grandmother's house. Fugate did not observe any signs of injury during her physical examination of D.B.

Appellant was subsequently indicted and charged with two offenses. Count one alleged that appellant had committed aggravated sexual assault of a child younger than six years old. Count two alleged that appellant committed indecency with a child by contact. During the trial, the State admitted the testimony of D.B.'s mother and Fugate. D.B. also testified. D.B. testified that appellant touched her "private," "middle part," and the part of her body she uses to pee. Appellant also testified. He said that it was a "terrible surprise" to learn of the outcry that D.B. had made against him. Appellant testified that he did not sexually assault D.B. During the charge conference, the State waived the

2

second count and, instead, requested that the jury be charged on aggravated sexual assault and that indecency with a child by contact be submitted as a lesser-included offense. The charge was submitted in this manner without objection. The jury returned a verdict acquitting appellant of aggravated sexual assault but convicting him of indecency with a child by contact. After hearing punishment evidence, the jury assessed punishment at incarceration for a period of ten years.

Appellant presents three issues by his appeal. By his first issue, appellant contends that the trial court erred in failing to *sua sponte* define "genitals" in the jury charge and that this failure caused appellant egregious harm. Appellant contends, by his second issue, that the evidence is legally insufficient to support his conviction. By his third issue, appellant contends that the evidence is factually insufficient, and that the Texas Court of Criminal Appeals' decision that legal and factual sufficiency are the same for appellate review purposes denies appellant due process, due course of law, and equal protection.

Issue One: Charge Error

By his first issue, appellant contends that the trial court's jury charge was in error because it did not include a definition of the word "genitals." Appellant did not object to the trial court's omission of a definition. The State argues that genitals is not a statutorily defined term and it does not have a specialized technical or legal meaning and, as such, the trial court did not err by not defining the word in the jury charge.

When addressing a claim of jury charge error, an appellate court must first determine whether the jury charge is erroneous. *Kirsch v. State*, 357 S.W.3d 645, 649

3

(Tex. Crim. App. 2012). If error occurred, we must analyze that error for harm. *Id.* It is only when we have reached an assessment of harm that error preservation becomes relevant. *Id.* If error was properly preserved by timely objection, reversal is required if it is shown that the error caused the defendant some harm. *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (en banc)). If, on the other hand, the defendant did not properly object to the jury charge, reversal is only required if the error was so egregious that it denied the defendant a fair and impartial trial. *Id.* (citing *Almanza*, 686 S.W.2d at 171).

The judge is required to give the jury a written charge containing the law applicable to the case before arguments of counsel. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Statutorily defined terms constitute law applicable to the case and must be included in the court's charge. *Celis v. State*, 416 S.W.3d 419, 433 (Tex. Crim. App. 2013). It is, however, generally impermissible to instruct a jury on the definitions of terms not defined by statute. *Id.* In most instances, statutorily undefined terms should be "read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (West 2013). Jurors "may 'freely read [undefined] statutory language to have any meaning which is acceptable in common parlance.'" *Kirsch*, 357 S.W.3d at 650 (quoting *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995), with brackets included in *Kirsch*). The exception to the general rule that a trial court should not instruct the jury as to the meaning of terms that are not statutorily defined exists for "terms which have a known and established legal meaning, or which have acquired a peculiar and appropriate meaning in the law . . . ." *Id.* (quoting *Medford v. State*, 13 S.W.3d 769, 772 (Tex. Crim. App. 2000)). It is not error for the court to charge

4

the jury regarding the definition of a term that has acquired an established legal or technical meaning that deviates from a term's common usage. *Celis*, 416 S.W.3d at 433.

Appellant was convicted of the offense of indecency with a child by contact. A person commits the offense of indecency with a child by contact if the person, with a child under the age of seventeen, engages in sexual contact with the child or causes a child to engage in sexual contact. TEX. PENAL CODE ANN. § 21.11(a)(1). "Sexual contact" includes any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or any touching of any part of the body of a child with the anus, breast, or any part of the genitals of a person provided said touching is done with an intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c). "Genitals" is not defined in the Penal Code. *See id.* §§ 21.01 (West 2019), 21.11.

Because the term "genitals" is not statutorily defined, the trial court was correct not to define the term in the jury charge unless the term has acquired an established legal or technical meaning that differs from the meaning ascribed in common parlance. *Green v. State*, 476 S.W.3d 440, 445 (Tex. Crim. App. 2015); *Celis*, 416 S.W.3d at 433. Appellant contends that the Texas Court of Criminal Appeals defined genitals as including "more than just the vagina" but also "includes the vulva which immediately surrounds the vagina." *Clark v. State*, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977). The definition provided in *Clark* was given in the context of an evidentiary sufficiency review. While it is frequently helpful for an appellate court to define a statutorily undefined term in assessing the sufficiency of the evidence, the inclusion of that definition in a jury charge is generally

improper as a comment on the weight of the evidence.[3]  *Green*, 476 S.W.3d at 445.

Appellant has cited this Court to no authority establishing that "genitals" has acquired a technical or legal meaning that differs from common usage that would obligate the trial court to define the term in the jury charge.  In addition, this Court has been unable to locate any such authority.

Rather, this Court has addressed whether a definition of "genitals" should be included in a jury charge.  In *Trevino*, the trial court defined "genitals or genitalia" in the court's charge as:

> The genitals or genitalia of a female consist of an internal group and an external group.  The internal group is situated within the pelvis and consists of the ovaries, uterine tubes, uterus and pubis (the rounded mound in front of the joinder of the pubic bones that becomes covered with hair at the time of puberty), the labia majora and minora (longitudinal folds of skin at the opening of the female orifice) and certain glands situated within the vestibule of the vagina.

*Trevino v. State*, 440 S.W.3d 722, 725 (Tex. App.—Amarillo 2013, no pet.).  We noted at that time that we were unaware of any authority indicating that the terms genitals or genitalia had acquired a particularized legal or technical definition such as would authorize the trial court to define the terms in its charge to the jury.  *Id.* at 727.  Because the definition drew the attention of the jury to particular testimony that had been offered during the trial, the instruction constituted an improper comment on the weight of the evidence and, as such, was erroneous.  *Id.*

---

[3] It is noteworthy that, even if the law made it appropriate for the trial court to define genitals consistent with *Clark*, the evidence presented in this case would still support appellant's conviction for indecency with a child by contact.

6

Because the term "genitals" is not statutorily defined and has not acquired a special legal or technical meaning, we conclude that it was proper for the trial court not to define the term in the jury charge. It was proper for the jury to be allowed to assign the term any meaning acceptable in common parlance. *See Kirsch*, 357 S.W.3d at 650. Because we conclude that the trial court did not err in not defining genitals in the jury charge, we need not conduct a harm analysis. *Id.* at 649. We overrule appellant's first issue.

Issue Two: Legal Sufficiency

By his second issue, appellant contends that the evidence is legally insufficient to support his conviction for indecency with a child by contact.

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id.* When reviewing all of the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906-07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448-

7

50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899.

As previously identified, to obtain a conviction for indecency with a child by contact, the State must prove that the defendant engaged in sexual contact with a child under the age of seventeen. TEX. PENAL CODE ANN. § 21.11(a)(1). "Sexual contact" includes any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or any touching of any part of the body of a child with the anus, breast, or any part of the genitals of a person provided said touching is done with an intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c). The child victim's testimony alone can be sufficient to support a conviction. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2018); *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978); *Cantu v. State*, 366 S.W.3d 771, 775-76 (Tex. App.—Amarillo 2012, no pet.); *Bazanes v. State*, 310 S.W.3d 32, 40 (Tex. App.—Fort Worth 2010, pet. ref'd).

Because a child victim may lack the technical knowledge to accurately describe the parts of her body, the evidence will be sufficient to support a conviction if the child communicates to the trier of fact that the defendant touched a part of her body covered by section 21.01. *Clark*, 558 S.W.2d at 889. As a result, the child victim's testimony that the defendant touched her "front butt," which she described as the "area between your legs where you pea (sic) at," was sufficient evidence to show that Clark had "sexual contact" with the victim. *Id.*

8

In the present case, D.B. testified that appellant touched her "middle part," "front part," "the skin of the place you pee from," and "inside the place where you pee from." In addition, D.B.'s mother, the outcry witness, testified that D.B. said that appellant touched her in her "no-no part," which D.B.'s mother described as her "vaginal area." Based on this testimony, we conclude that a rational jury certainly could have concluded that appellant touched D.B.'s genitals beyond a reasonable doubt. *See id.* As such, we conclude that the evidence is sufficient to support appellant's conviction. Further, we believe that this evidence indicates that appellant touched D.B.'s genitals and is distinguishable from the testimony in *Johnson* where the evidence established that Johnson rubbed the victim's leg and attempted to place his hand in her underwear area but stopped before making actual contact with that area. *See Johnson v. State*, Nos. 01-02-00861-CR, 01-03-00691-CR, 01-03-00692-CR, 2003 Tex. App. LEXIS 6202, at *15 (Tex. App.—Houston [1st Dist.] July 17, 2003, no pet.) (mem. op., not designated for publication). We overrule appellant's second issue.

## Issue Three: Factual Sufficiency

By his third issue, appellant contends that the evidence is factually insufficient to support his conviction and that the denial of review for factual sufficiency denies him due process, due course of law, and equal protection under the United States and Texas constitutions.

After establishing the standard applicable to factual sufficiency review in Texas in *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996), the Court of Criminal Appeals overruled *Clewis* and held that the standard of review for sufficiency challenges

9

set forth in *Jackson* "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks*, 323 S.W.3d at 912. The *Jackson* standard satisfies the guarantee of due process of law. *Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) (citing *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003)). The Court of Criminal Appeals found the *Jackson* legal insufficiency standard to be "indistinguishable" from the *Clewis* factual sufficiency standard. *Brooks*, 323 S.W.3d at 901-02. And, "under the time-honored principle of *stare decisis*, this court is bound to follow clear precedent established by a higher court." *Henderson v. State*, No. 07-17-00099-CR, 2018 Tex. App. LEXIS 3966, at *13 (Tex. App.—Amarillo June 1, 2018, pet. ref'd) (citing *Adams v. State*, 502 S.W.3d 238, 244 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd)). Appellant is seeking a review of the evidence under a standard that has been expressly overruled by the Court of Criminal Appeals.

While we understand that appellant objects to the Court of Criminal Appeal's overruling of *Clewis*, we are bound to follow this precedent by virtue of *stare decisis*. As such, we overrule appellant's third issue.

## Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.